Peter Kristofer Strojnik, State Bar No. 242728
pstrojnik@strojniklaw.com
**THE STROJNIK FIRM LLC**
**A LIMITED LIABILITY COMPANY**
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 510-9409
Facsimile: (602) 773-0370

Attorneys for Plaintiff THERESA BROOKE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>Plaintiff,<br><br>vs.<br><br>RPC OLD TOWN JEFFERSON OWNER, LLC, a Delaware limited liability company dba Courtyard by Marriott Old Town,<br><br>Defendant. | Case No: **'18CV2539 BEN WVG**<br><br>**VERIFIED COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff alleges:

**PARTIES**

1. Plaintiff Theresa Brooke is a married woman currently residing in Pinal County, Arizona. Plaintiff is and, at all times relevant hereto, has been legally disabled, confined to a wheel chair, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the California Unruh Civil Rights Act, California Civil Code § 51, 52, and the California Disabled Persons Act. Plaintiff ambulates with the aid of a wheelchair due to the loss of a leg.

2. Defendant, RPC Old Town Jefferson Owner, LLC, owns and/or operates and does business as the hotel, Courtyard by Marriott located at 2435 Jefferson Street, San Diego, California 92110. Defendant's hotel is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A), which offers public lodging services.

## JURISDICTION AND VENUE

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188. The Court has supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367.

4. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

5. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff is a disabled woman that relies on a wheelchair for locomotion. Her disability is that she only has one leg. She cannot walk.

7. On or about October 30, 2018, Plaintiff went to Defendant's hotel to book a room. She parked in the disabled parking spot near the lobby area. However, there was no access aisle marked from the disabled parking spot to the lobby entrance. Deterred at the lack of access from the disabled parking spot to the lobby and at the lack of equality of access, Plaintiff left the hotel and stayed elsewhere that night.

8. The purpose of an access aisle is to mark where cars should not park and to create a clear pathway for a person in a wheelchair to the entrance to the main point of entry. When Plaintiff arrived, there was a vehicle blocking her entrance to the lobby entrance; had there been a marked access aisle, presumably the vehicle would not have blocked the entryway.

9. Plaintiff has personal knowledge of a barrier related to her disability, as noted above, and is currently deterred from returning to Defendant's accommodation by

2

1  this accessibility barrier. Therefore, she has suffered an injury-in-fact for the purpose of
2  her standing to bring this action. Plaintiff's injury is ongoing due to the existence of the
3  barrier and her continued deterrence until the barrier is removed.

4      10.    As a result of Defendant's non-compliance with the ADA, Plaintiff did
5  not lodge at the hotel. However, notwithstanding the barriers at issue, Plaintiff will
6  lodge at Defendant's hotel <u>if</u> Defendant removes the barriers at issue. Plaintiff makes
7  frequent trips to San Diego, and if the barriers are removed, she will lodge at
8  Defendant's hotel and/or revisit the hotel to obtain access to the Defendant's property.
9  Plaintiff especially hopes Defendant does in fact remediate, as she wishes to diversify
10 her lodging during her visits. It is also rare for a hotel to be fully compliant with the
11 ADA, which limits Plaintiff's choice of lodging.

12     11.    Plaintiff and other disabled persons have been injured by Defendant's
13 discriminatory practices and failure to remove architectural barriers. These injuries
14 include being deterred from using Defendant's hotel due to the lack of full and equal
15 access to the lobby.

16     12.    Without injunctive relief, Plaintiff and others will continue to be unable to
17 independently use Defendant's hotel in violation of her rights under the ADA.

18     13.    Other potential violations and barriers to entry at Defendant's hotel may
19 be discovered through an expert inspection of the hotel property pursuant to Rule 34. So
20 as to avoid piecemeal litigation to ensure full access to the entirety of the property at
21 issue, Plaintiff will amend her complaint to allege and all additional barriers discovered
22 during the Rule 34 inspection. *Doran v. 7-Eleven*, 524 F.3d 1034 (9th Cir. 2008).

### FIRST CAUSE OF ACTION
**(Violation of Title III the Americans with Disabilities Act)**

25     14.    Plaintiff incorporates all allegations heretofore set forth.
26     15.    Defendant has discriminated against Plaintiff and others in that it has
27 failed to make its public lodging services fully accessible to, and independently usable
28

by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

16. Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the 2010 Standards would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant.

17. Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards, as described above, is readily achievable by the Defendant. *Id*. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense.

18. Conversely, the cessation of compliance with the ADA law is also readily achievable. Therefore, injunctive relief should issue irrespective of Defendant's potential voluntary cessation pursuant to the Supreme Court's announcement in *Friends of the Earth* case[1].

19. Defendant's conduct is ongoing, and, given that Defendant has never fully complied with the ADA's requirements that public accommodations make lodging

---

[1] *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000):

> It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. If it did, the courts would be compelled to leave the defendant free to return to his old ways. In accordance with this principle, the standard we have announced for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur. The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.

services fully accessible to, and independently usable by, disabled individuals, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

20. Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendant's non-compliance with the ADA's requirements that its hotel be fully accessible to, and independently useable by, disabled people is likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above;

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its hotel into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the hotel is fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its hotel is fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of costs of suit;

d. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28

   CFR § 36.505 and other principles of law and equity and in compliance with the "prevailing party" and "material alteration" of the parties' relationship doctrines[2] in an amount no less than $3,500.00; and,

 e. Nominal damages pursuant to the Ninth Circuit Court of Appeal's recently decision in *Bayer v. Neiman Marcus Group, Inc.*, Ninth Circuit case no. 15-15287 (June 26, 2017) (for publication); and,

 f. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the ADA; and

 g. The provision of whatever other relief the Court deems just, equitable and appropriate.

## SECOND CAUSE OF ACTION
**(Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52)**

21. Plaintiff realleges all allegations heretofore set forth.

22. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

23. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

24. Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

25. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $4,000.00.

26. Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

---

[2] As applicable to ADA cases, see *Coppi v. City of Dana Point*, Case No. SACV 11-1813 JGB (RNBx) (February, 2015)

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its hotel into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the hotel is fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its hotel is fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of costs of suit;

d. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505 and other principles of law and equity and in compliance with the "prevailing party" and "material alteration" of the parties' relationship doctrines[3] in an amount no less than $3,500.00; and,

e. Nominal damages pursuant to the Ninth Circuit Court of Appeal's recently decision in *Bayer v. Neiman Marcus Group, Inc.*, Ninth Circuit case no. 15-15287 (June 26, 2017) (for publication); and,

f. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the ADA; and

---

[3] As applicable to ADA cases, see *Coppi v. City of Dana Point*, Case No. SACV 11-1813 JGB (RNBx) (February, 2015)

g. For damages in an amount no less than $4,000.00; and

h. The provision of whatever other relief the Court deems just, equitable and appropriate.

## THIRD CAUSE OF ACTION
### (Violation of the California Disabled Persons Act, Cal. Civ. Code §§54-54.3)

27. Plaintiff realleges all allegations heretofore set forth.

28. Defendant has violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

29. The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

30. Plaintiff has been damaged by the Defendant's non-compliance with the DPA.

31. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

32. Pursuant to the DPA, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its hotel into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the hotel is fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to

     be determined after Defendant certifies that its hotel is fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

 c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of costs of suit;

 d. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505 and other principles of law and equity and in compliance with the "prevailing party" and "material alteration" of the parties' relationship doctrines[4] in an amount no less than $3,500.00; and,

 e. Nominal damages pursuant to the Ninth Circuit Court of Appeal's recently decision in *Bayer v. Neiman Marcus Group, Inc*., Ninth Circuit case no. 15-15287 (June 26, 2017) (for publication); and,

 f. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the ADA; and

 g. For damages in an amount no less than $1,000.00; and

 h. The provision of whatever other relief the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on issues triable by a jury.

---

[4] As applicable to ADA cases, see *Coppi v. City of Dana Point*, Case No. SACV 11-1813 JGB (RNBx) (February, 2015)

RESPECTFULLY SUBMITTED this 4th day of November, 2018.

**THE STROJNIK FIRM L.L.C.**

_____
Peter Kristofer Strojnik (242728)
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Attorneys for Plaintiff

**VERIFICATION COMPLIANT WITH R10-3-405**

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 4th day of November, 2018.

_____
Theresa Brooke